No. 15-1776

# UNITED STATES COURT OF APPEAL
# FOR THE SEVENTH CIRCUIT

VINCE MULLINS, On Behalf of Himself and
All Others Similarly Situated,

        Plaintiff-Appellee,

v.

DIRECT DIGITAL, LLC., a Delaware Limited
Liability Company

        Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division Case No. 13-CV-1829

## PLAINTIFF-APPELLEE MULLINS' SUPPLEMENTAL BRIEF IN OPPOSITION TO APPEAL OF DEFENDANT-APPELLANT DIRECT DIGITAL

Stewart M. Weltman
Max A. Stein
BOODELL & DOMANSKIS, LLC
353 N. Clark Street, Suite 1800
Chicago, Illinois 60654
Telephone: 312-938-1670

Joseph Siprut
SIPRUT PC
17 North State Street
Suite 1600
Chicago, IL  60602
Telephone: 312-236-0000

Elaine A. Ryan
Patricia N. Syverson (AZ 020191)
BONNETT, FAIRBOURN FRIEDMAN &
BALINT, P.C.
2325 E. Camelback Rd., #300
Phoenix, Arizona 85016
Telephone: 602-274-1100


Counsel for Plaintiff-Appellee

**May 4, 2015**

# CIRCUIT RULE 26.1    DISCLOSURE STATEMENT

Appellate Court No: 15-1776

Short Caption: Mullins v. DIrect Digital, LLC

To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party or amicus curiae, or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

The Court prefers that the disclosure statement be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

[✓]    **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1) The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P 26.1 by completing item #3):

Vince Mullins

(2) The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

Boodell & Domanskis, LLC

Bonnett Fairbourn Friedman & Balint, PC

Siprut PC

(3) If the party or amicus is a corporation:

   i) Identify all its parent corporations, if any; and

   N/A

   ii) list any publicly held company that owns 10% or more of the party's or amicus' stock:

   N/A

Attorney's Signature: s/ Stewart M. Weltman      Date: May 4, 2015
Attorney's Printed Name: Stewart M. Weltman

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).    Yes  X    No ____

Address: 353 N. Clark Street, Suite 1800

Chicago, IL  60654

Phone Number: 312-300-5505         Fax Number: 312-300-5546

E-Mail Address: sweltman@boodlaw.com

rev. 01/08 AK

# TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ................................................................................................ ii

I. INTRODUCTION ........................................................................................................ 1

II. THE COURT SHOULD REJECT THE THIRD CIRCUIT'S ASCERTAINABILITY STANDARD THAT APPELLANT SEEKS TO APPLY AS IT IS AN OUTLIER THAT WOULD EVISCERATE CONSUMER CLASS ACTIONS LIKE THIS ONE ................ 1

III. THE DISTRICT COURT PROPERLY FOUND THAT THE QUESTION OF INSTAFLEX'S EFFICACY CAN AND SHOULD BE DECIDED BY EXPERT TESTIMONY, AND DOES NOT REQUIRE INDIVIDUAL INQUIRIES ..................... 5

IV. THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN CERTIFYING A MULTI-STATE CLASS ................................................................................................ 8

V. CONCLUSION ............................................................................................................ 9

# **TABLE OF AUTHORITIES**

**PAGE**

**CASES**

*Allen v. Hyland's Inc.*,
    300 F.R.D. 643 (C.D. Cal. 2004) ........................................................................... 7

*Allen v. Similasan Corp.*
    No. 12-cv-376, 2015 WL 1534005 (S.D. Cal. Mar. 30, 2015) ........................... 4, 7

*Barrera v. Pharmavite, LLC*
    No. 2:11-cv-04153 (C.D. Cal. Nov. 19, 2014)...................................................... 4, 6

*Burrow v. Sybaris Clubs Int'l, Inc.*
    No. 13 C 2342, 2015 WL 1887930 (N.D. Ill. April 24, 2015) ............................... 3

*Butler v. Sears, Roebuck and Co.*
    727 F.3d 796 (7th Cir. 2013)................................................................................... 2

*Byrd v. Aaron's Inc.*
    No. 14-3050, 2015 WL 1727613 (3d Cir. Apr. 16, 2015) ................................. 2, 3

*Carrera v. Bayer Corp.*
    727 F.3d 300 (3rd Cir. 2013) ........................................................................ 1, 2, 4

*Delarosa v. Boiron, Inc.*
    275 F.R.D. 582 (C.D. Cal. 2011) ........................................................................... 7

*Ebin v. Kangadis Family Mgmt.*
    45 F.Supp.3d 395 (S.D.N.Y. 2014)........................................................................ 8

*Eubank v. Pella Corp.*
    753 F.3d 718 (7th Cir. 2014)................................................................................... 1

*Forcellati v. Hyland's, Inc.*
    No. CV 12-1983, 2014 WL 1410264 (C.D. Cal. April 9, 2014) ........................... 7

*G.M. Sign, Inc., v. Group C Commc'ns, Inc.*
    No. 08-cv-4521, 2010 WL 744262 (N.D. Ill. Feb. 25, 2010) ................................ 3

*Hughes v. Kore of Ind. Enter., Inc.*
    731 F.3d 672 (7t2, 3h Cir. 2013)....................................................................... 1, 3

*In re ConAgra Foods, Inc.*
    No. CV 11-05379, 2015 WL 1062756 (C.D. Cal. Feb. 23, 2015)...................... 4, 9

*In re GNC Corp. TriFlex Prods. Mktg. & Sales Practices Litig. (No. II)*
    MDL 14-2491-JFM, 2014 WL 2812239 (D.Md. June 20, 2014) .......................... 8

*In re Scotts EZ Seed Litig.*
       340 F.R.D. 397 (S.D.N.Y. Jan. 26, 2015) ............................................................ 4, 7

*Leclercq v. The Lockformer Co.*
       No. 00 C 7164, 2001 WL 199840 (N.D. Ill. Feb. 28, 2001) ................................... 3

*Lewert v. Boiron, Inc.*
       No. 2:11-cv-10803 (C.D. Cal. Nov. 5, 2014) ...................................................... 4, 6

*Lilly v. Jamba Juice Co.*
       No. 13-cv-02998, 2014 WL 4652283 (C.D. Cal. Sep. 18. 2014) ........................... 4

*Pawelczak v. Fin. Recovery Servs., Inc.*
       286 F.R.D. 381 (N.D. Ill. 2012) ............................................................................ 3

Pella *Corp. v. Saltzman*
       606 F.3d 391 (7th Cir. 2010) .................................................................................. 8

*Shurland v. Bacci Café & Pizzeria on Ogden, Inc.*
       271 F.R.D. 139 (N.D. Ill. 2010) ............................................................................ 3

*Suchanek v. Strum Foods, Inc.*
       764 F.3d 750 (7th Cir. 2014) ............................................................................. 1, 8

I.      **INTRODUCTION**

Because the District Court properly exercised its discretion in certifying a class, this Court should now affirm the District Court's class certification order and allow this consumer class action to proceed. *See* Plaintiff-Appellee's Answer to Direct Digital's Request for Permission to Appeal Class Certification Pursuant to Fed. R. Civ. P. 23(f) ("23(f) Answer (Dkt. No. 2)").[1] Plaintiff-Appellee has already addressed each of the arguments in his answer to Defendant's petition. Pursuant to this Court's order dated April 10, 2015 (App. Dkt. 2), Plaintiff-Appellee submits this supplemental brief to provide the Court with additional authorities that further support rejecting Appellant's arguments and affirming the District Court's order.

II.     **THE COURT SHOULD REJECT THE THIRD CIRCUIT'S ASCERTAINABILITY STANDARD THAT APPELLANT SEEKS TO APPLY AS IT IS AN OUTLIER THAT WOULD EVISCERATE CONSUMER CLASS ACTIONS LIKE THIS ONE**

Defendant-Appellant relies heavily on the Third Circuit's decision in *Carrera v. Bayer Corp.*, 727 F.3d 300 (3rd Cir. 2013) to argue that ascertainability is not met here. *See, e.g.*, 23(f) Petition (Dkt. No. 1), 10. Appellee noted in his Answer to the Petition that *Carrera* is an outlier decision that eviscerates the very existence of low individual/high aggregate damage consumer fraud actions – class actions that this Court has repeatedly noted are important. *See* 23(f) Answer (Dkt. No. 2), at 2; *see also Suchanek v. Strum Foods, Inc.*, 764 F.3d 750, 759 (7th Cir. 2014) ("The policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights. A class action solves this problem by aggregating the relatively paltry potential recoveries into something worth someone's (usually an attorney's) labor."); *Eubank v. Pella Corp.*, 753 F.3d 718, 719 (7th Cir. 2014) (noting class actions are "especially important when each claim is too small to justify the expense of a separate suit, so that without a class action there would be no relief, however meritorious the claims"); *Hughes v. Kore of Ind. Enter., Inc.,* 731 F.3d 672, 675 (7th

---

[1] "RA___" refers to the Record on Appeal; "23(f) Petition (Dkt. No. 1)" and "23(f) Answer (Dkt. No. 2)" refer to filings in *Direct Digital, LLC, v. Mullins*, No. 14-8026; and "App. Dkt." refers to the docket entries in this Appeal.

Cir. 2013) (noting "[t]he smaller the stakes to each victim of unlawful conduct, the greater the economies of class action treatment and the likelier that the class members will receive some money rather than (without a class action) probably nothing…"); *Butler v. Sears, Roebuck and Co.*, 727 F.3d 796, 801 (7th Cir. 2013) (noting that where there are common issues of liability, absent the class action device, "defendants would be able to escape liability for tortious harms of enormous aggregate magnitude but so widely distributed as not to be remediable in individual suits"). The Third Circuit recently clarified its *Carrera* holding in *Byrd v. Aaron's Inc.*, No. 14-3050, 2015 WL 1727613 (3d Cir. Apr. 16, 2015). That clarification now firmly establishes that the position the Third Circuit takes with regard to ascertainability is contrary to that of the Seventh Circuit and other circuits. In short, the Third Circuit will not allow a class action to proceed unless the plaintiff makes a showing at the class certification stage that class members can be, at some later date, identified by name either by proof of purchase or some other means and excludes affidavits from individual class members as a valid mechanism for that identification. *Id*. at \*4, \*10, \*11.

In order to satisfy what it describes as the ascertainability requirement "implicit" in Rule 23, the Third Circuit now requires that a plaintiff must: (1) set forth a class definition that provides an objective means of identifying class members without inquiry into the merits of their claims; *and* (2) prove that class members can be identified at some later date in the proceedings by means other than class member affidavits. *Byrd*, 2015 WL 1727613, at \*3. It is this second requirement that causes the Third Circuit's ascertainability requirement to be a severe outlier ruling that would effectively eviscerate the bulk of consumer fraud class actions. Moreover, the only support the Third Circuit finds for this second requirement is its own case law. It cannot and does not cite another Circuit Court of Appeals that has adopted this requirement – though it does cite to several Circuits that have adopted the first requirement. *Id*. at \*18, n. 6.

While this Circuit may not have recently addressed what the term "ascertainability" means in the context of Rule 23, it is clear that it does not and would not require the second prong of ascertainability required by the Third Circuit. District courts in this Circuit have held in numerous cases that a class definition satisfies Rule 23 if it describes a class of persons whose membership

can be determined based upon objective criteria, such as is the case here, where the class is defined as all purchasers of Defendant's product during a specified time period. *See, e.g., Burrow v. Sybaris Clubs Int'l, Inc.*, No. 13 C 2342, 2015 WL 1887930, at *5-6 (N.D. Ill. April 24, 2015); *Pawelczak v. Fin. Recovery Servs., Inc.*, 286 F.R.D. 381, 384-85 (N.D. Ill. 2012); *Shurland v. Bacci Café & Pizzeria on Ogden, Inc.*, 271 F.R.D. 139, 146-147 (N.D. Ill. 2010); *G.M. Sign, Inc., v. Group C Commc'ns, Inc.*, No. 08-cv-4521, 2010 WL 744262, at *4 (N.D. Ill. Feb. 25, 2010); *Leclercq v. The Lockformer Co.*, No. 00 C 7164, 2001 WL 199840, at *2 (N.D. Ill. Feb. 28, 2001). In none of these cases, has this Circuit gone the further step of imposing the second ascertainability requirement created by the Third Circuit.

In a similar vein, in *Hughes v. Kore*, this Court reversed a district court's denial of class certification, holding that publication notice was appropriate because, "[t]he members of the class in this case can't be identified through *reasonable* effort, effort commensurate with the stakes." 731 F.3d at 676. If this Court held the same view as the Third Circuit on ascertainability, the fact that class members could not be identified would have put an end to the class certification inquiry *ab initio*. In this regard, the concurring opinion in *Byrd* had it right. Judge Rendell, in his concurring opinion, stated that requiring "objective proof – beyond mere affidavits" is "ill-advised." *Byrd,* 2015 WL 1727613*,* at *12. "In most low-value consumer class actions, prospective class members are unlikely to have documentary proof of purchase, because very few people keep receipts from drug stores or grocery stores. This should not be the reason to deny certification of a class." *Id*. Further, Judge Rendell acknowledged that: "The policy concerns animating our ascertainability doctrine boil down to ensuring that there is a surefire way to get damages into the hands of only those individuals who we can be 100% certain have suffered injury, and out of the hands of those who may not have. However, by disabling plaintiffs from bringing small-value claims as a class, we have ensured that other policy goals of class actions – compensation of at least some of the injured and deterrence of wrongdoing, for example – have been lost." *Id*. at *15.

Like the District Court here, numerous district courts have flatly rejected Appellant's ascertainability argument. While these decisions are, of course, not binding precedent on this Court,

3

their reasoning is persuasive. In each of these cases, the courts correctly found that the proposed classes met the ascertainability requirement because they were defined in such a manner that membership in the class could be objectively determined (*e.g.*, based upon the purchase of the product). For example, in *Barrera v. Pharmavite, LLC* – a case, like this one, that involved a class of glucosamine supplement purchasers – the court found that the class satisfied ascertainability where it was alleged that all class members were harmed as a result of receiving "no actual health benefits from the TripleFlex products" and the class was defined with "objective criteria" such a class member could "identify himself or herself as having a right to recover based on the description." No. 2:11-cv-04153 (C.D. Cal. Nov. 19, 2014), slip op. at 38-40 (P.APP. 59-61) (citations omitted). Likewise, in *Lewert v. Boiron, Inc.*, No. 2:11-cv-10803 (C.D. Cal. Nov. 5, 2014), slip op. at 8 (P.APP. 8) the District Court rejected an ascertainability argument identical to the one raised by Appellant here. There, the district court certified a class of homeopathic flu remedy purchasers, finding that the class satisfied ascertainability because the class was based on "objective criteria" and "self-identification" of consumers was sufficient. *Id.*[2]

---

[2] These decisions are hardly unusual, as numerous other courts have reached similar conclusions. *See, e.g., Allen v. Similasan Corp.*, No. 12-cv-376, 2015 WL 1534005, at *7 (S.D. Cal. Mar. 30, 2015) (ascertainability satisfied where a class definition uses "objective criteria to identify class members" such as whether "[c]onsumers either purchased the Products during the specified time or they did not"); *In re ConAgra Foods, Inc.*, No. C V 11-05379, 2015 WL 1062756, at *24 (C.D. Cal. Feb 23, 2015) (noting that defendant's argument regarding ascertainability "effectively prohibit class actions involving low priced consumer goods—the very type of claims that would not be filed individually"); *In re Scotts EZ Seed Litig.*, 340 F.R.D. 397, 407 (S.D.N.Y. Jan. 26, 2015) ("Declining to certify classes when consumers are likely to lack proof of purchase would render class actions against producers almost impossible to bring. Yet the class action device, at its very core, is designed for cases like this where a large number of consumers have [allegedly] been defrauded but no one consumer has suffered an injury sufficiently large as to justify bringing an individual lawsuit. If proof of purchase was required to satisfy the ascertainability requirement, there would be no such thing as a consumer class action, especially with respect to low-cost products.") (citations and internal quotations omitted); *Lilly v. Jamba Juice Co.,* No. 13-cv-02998, 2014 WL 4652283, at *4 (C.D. Cal. Sep. 18. 2014) (in certifying a class of smoothie kit purchasers, court noted: "Adopting the *Carrera* approach would have significant negative ramifications for the ability to obtain redress for consumer injuries. Few people retain receipts for low-priced goods, since there is little possibility they will need to later verify that they made the purchase. Yet it is precisely in circumstances like these, where the injury to any individual consumer is small, but the cumulative injury to consumers as a group is substantial, that the class action mechanism provides one of its most important social benefits.").

Thus, while it is clear that this Circuit has not expressly weighed in on the question of what ascertainability means in the context of Rule 23, it is clear that consistent with its holdings – holdings that have consistently concluded that low individual but high aggregate damage consumer class actions are just the sorts of actions for which class actions are appropriate – this Court should reject the second ascertainability requirement imposed by the Third Circuit as the severe and unsupported outlier that it is.

### III. THE DISTRICT COURT PROPERLY FOUND THAT THE QUESTION OF INSTAFLEX'S EFFICACY CAN AND SHOULD BE DECIDED BY EXPERT TESTIMONY, AND DOES NOT REQUIRE INDIVIDUAL INQUIRIES

Defendant-Appellant contends that whether purchasers have been injured and damaged as a result of alleged inefficacy of a health product cannot be determined by expert testimony alone but also requires an individual inquiry as to how the product worked for the Plaintiff and each Class member. 23(f) Petition (Dkt. No. 1), 10-13. This, however, ignores the issues in this case. In this case, Plaintiff has alleged that Defendant's product is incapable of providing the health benefits represented on the label to anyone, no matter their individual circumstances. Further, Plaintiff will rely upon scientific evidence common to the Class to prove this. Thus, the question to be decided is a scientific question to be determined based on expert testimony, and therefore common to the class.

To avoid this, Defendant-Appellant points to the experiences that Class members have purportedly had post-purchase. If, however, Plaintiff proves that the ingredients in Instaflex cannot, based on the scientific evidence, produce the represented joint health benefits, subjective post-purchase experiences are irrelevant. This is particularly so where, as here, as alleged in the Complaint and set forth in Plaintiff's expert report, there is a high placebo effect with products such as Instaflex. *See* RA 5-1, at 11-12 (Complaint, at ¶ 22); RA 5-2, at 30 (Schnitzer Report, at ¶ 13); RA 5-7, at 99-100 (Schnitzer Rebuttal Report, at ¶¶ 9-11). So any consumers who may have experienced some form of pain relief from Instaflex have still been defrauded if Plaintiff's allegations are proven true, because consumers who perceive a benefit based upon a placebo effect

have still been defrauded and injured when the product is proven to not provide the represented benefit.[3]

The common issue of whether the claims Defendant makes on its label are true or false turns on questions of science that do not change depending on the person buying the product. Accordingly, the District Court properly held that the common issue of whether Instaflex was just a worthless sugar pill was the common predominating question and does not require individualized inquiry. RA 5-8, at 28-29 (Class Certification Opinion, 3-4 (discussion of predominance requirement and finding: "Proceeding to trial as a class will produce a common answer to whether the advertisements on Instaflex's label are false."). This is precisely the analysis that a District Court should make in evaluating the predominance question. *See* 23(f) Answer (Dkt. No. 2), at 4.

Not only is the District Court's decision in accordance with the law of the Seventh Circuit (*see* 23(f) Answer (Dkt. No. 2), at 10-15), it is in keeping with similar decisions recently issued by other district courts in the consumer fraud context. In *Barrera*, the district court found commonality satisfied where whether a similar glucosamine product actually provided joint health benefits was a common question for all class members. *Barrera*, slip op. at 16-17. Further, the court found predominance because whether that defendant's glucosamine product "improves joint 'comfort, mobility, and flexibility' [4] will be determined through the presentation of expert, scientific testimony." *Id.* at 28. Accordingly, the court concluded, "[e]ven if each class member were to pursue their claims individually, this evidence would remain the same." *Id.* Similarly, in *Lewert*, the court found "common questions of law and fact predominant" because "proof that Oscillo is based on 'bunk science' and that Boiron's contrary representation is material will largely resolve

---

[3] Even the FTC recognizes the importance that the placebo effect has on certain dietary supplement claims, imposing a greater scientific burden on products where the claims "may be subject to a placebo effect." *Dietary Supplements: An Advertising Guide for Industry*, at 8, available at https://www.ftc.gov/system/files/documents/plain-language/bus09-dietary-supplements-advertising-guide-industry.pdf. Thus, Defendant's citation to anecdotal consumer experiences and its contention that the subjective post-purchase experiences must be taken into account is, if Plaintiff's allegations are proven true, an attempt to improperly take credit for what are placebo effect experiences.

[4] Virtually the same joint health benefit representations made by Defendant about its Instaflex product.

class members' claims." *Id*., slip op. at 11.

In *Allen v. Similasan,* the District Court certified a class of homeopathic product purchasers where plaintiffs alleged – like here – the products were "'worthless' because they do not work." 2015 WL 1534005, at *1, *9.  In finding commonality satisfied, the court "reject[ed] Defendant's arguments that individual inquiries are necessary to determine both whether the Products are efficacious and whether a representation was material." *Id*. at *8 (citing *Allen v. Hyland's Inc*., 300 F.R.D. 643, 660-661 (C.D. Cal. 2004) ("If…Defendants made material misrepresentations about products which do not work and cannot possibly work…then consideration of individual users' symptoms and the distinct active ingredients in each product is unnecessary.")).  Further, that court found predominance was met, explaining that: "If Plaintiffs prove the Products are ineffective, the Defendants have made material misrepresentations, establishing causation for the entire class" as plaintiffs' claims are, thus, "'subject to common proof.'"  2015 WL 1534005, at *13.

Similarly, in *In re Scotts EZ Seed*, the District Court found predominance met by the existence of class-wide evidence and that plaintiffs' theories of liability did not depend on individual inquires.  340 F.R.D. 397, 408.  As the *In re Scotts EZ Seed* court explained:

> Under plaintiffs' first theory of liability, nobody was able to grow grass using EZ Seed. Plaintiffs will succeed or fail on this theory based on whether they are able to prove EZ Seed is worthless. Defendants' argument that "the products worked for some individual class members goes to the proof of the merits" of plaintiffs' claims.  Any argument that challenges the merits of plaintiffs' allegations "about the uniform inefficacy of [EZ Seed] has no bearing on the Rule 23 predominance inquiry."

340 F.R.D. at 408-409 (citing *Forcellati v. Hyland's, Inc*., No. CV 12-1983, 2014 WL 1410264, at *12 (C.D. Cal. April 9, 2014); *Delarosa v. Boiron, Inc.*, 275 F.R.D. 582, 594 (C.D. Cal. 2011) ("Defendant's arguments that it can present proof that Coldcalm worked for some individual class members goes to the proof of the merits of Plaintiff's claim, not to the common question as to the overall efficacy of the product.")).

As one court aptly put it, "[i]f Plaintiffs' allegations are proven true, Defendants' representations about the products' effectiveness would constitute false advertising even though some consumers may experience positive results." *Forcellati,* 2014 WL 1410264, at *9 (citations

7

omitted)*.* The efficacy claims would still be misleading because the products are "not *inherently* effective, their results instead being attributable to the psychosomatic effect produced by the advertising and marketing of the product[s]." *Id.* (citations omitted).

Finally, although Defendant-Appellant points to *In re GNC Corp. TriFlex Prods. Mktg. & Sales Practices Litig. (No. II)*, MDL 14-2491-JFM, 2014 WL 2812239 (D.Md. June 20, 2014), as the ***one case*** supporting its contention that lack of efficacy cannot be decided based on expert testimony, this a severe outlier, where the District Court went so far as to state that relying upon a jury to determine, based upon expert testimony, as to whether the product provided the represented benefits, was un-democratic. *See* Memorandum Opinion denying Plaintiffs' Motion for Reconsideration (9/9/14), at 4, n.4 (Dkt. No. 51). In fact, in the over ten months since the *In re GNC* decision was issued, there have been ***no*** other reported decisions that have relied on that opinion.

## IV.    THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN CERTIFYING A MULTI-STATE CLASS

As fully explained in his Answer to Defendant's 23(f) Petition, at 19-20, the District Court did not abuse its discretion in certifying a multi-state class. As Plaintiff-Appellee argued in his motion for class certification, a multi-state class is appropriate where, like here, "the consumer protection acts of these six states [California, Florida, Illinois, Michigan, New Jersey, and New York] have nearly identical elements." RA 5-1, at 144 (Class Certification Reply, at 12 (citing *Pella Corp. v. Saltzman,* 606 F.3d 391, 396 (7th Cir. 2010)).[5] Here, Plaintiff-Appellee identified the ten Class States (comprised of Illinois and nine other states) and demonstrated that all of the states had materially similar consumer protection laws. *See* RA 5-2, at 127-138 (State Law Chart). Based upon this record, the District Court properly exercised its discretion and found it appropriate to certify a multi-state class.

Recently, in analogous false product labeling cases other district courts also have found certification of multi-state classes appropriate. *See, e.g., Ebin,* 45 F.Supp.3d at 399 (certifying nationwide class on fraud and negligent misrepresentation claims because "while some variation

---

[5] *See also Suchanek,* 764 F.3d at 756 (acknowledging similarities in consumer protection laws of California, Illinois, New Jersey, and New York – four of the Class States here).

exists among the states," "when applied to the facts of this particular case any such variation is unlikely to lead to actual variation in adjudication of liability"); *see also In re ConAgra Foods, Inc.*, 2015 WL 1062756, at *75 (certifying 11 state-specific classes).

## V.  CONCLUSION

The District Court did not abuse its discretion in certifying the class in this case.  Rather, the District Court's decision was in accordance with applicable law in this Circuit.  The Seventh Circuit should deny this appeal in its entirety and affirm the District Court's certification Order.

|  |  |
|---|---|
| DATED:  May 4, 2015 | BOODELL & DOMANSKIS, LLC |
|  | /s/ *Stewart M. Weltman*<br>Stewart M. Weltman<br>Max A. Stein<br>353 N. Clark Street, Suite 1800<br>Chicago, Illinois 60654<br>Telephone:  312-938-1670 |
|  | BONNETT, FAIRBOURN FRIEDMAN & BALINT, P.C.<br>Elaine A. Ryan (AZ 012870)<br>Patricia N. Syverson (AZ 020191)<br>2325 E. Camelback Rd., #300<br>Phoenix, Arizona 85016<br>Telephone: 602-274-1100 |
|  | SIPRUT PC<br>Joseph Siprut<br>17 North State Street<br>Suite 1600<br>Chicago, IL  60602<br>Telephone: 312-236-0000 |
|  | *Attorneys for Plaintiff-Appellee Vince Mullins* |

## CERTIFICATE OF SERVICE

I, Stewart M. Weltman, an attorney, certify under penalty of perjury that I served the following counsel of record for Petitioner-Defendant with **PLAINTIFF-APPELLEE MULLINS' SUPPLEMENTAL BRIEF IN OPPOSITION TO APPEAL OF DEFENDANT-APPELLANT DIRECT DIGITAL**, at the addresses listed below by U.S. Mail and by electronic mail on May 4, 2015.

Samantha M. Williams
Venable LLP
One Church Street, #500
Rockville, MD 20850
smwilliams@venable.com

John E. Busheit
Darrell J. Graham
Roeser Busheit & Graham LLC
Two N. Riverside Plaza, Suite 1420
Chicago, Illinois 60606
dgraham@rbglegal.com
jbusheit@rbglegal.com

Ari Rothman
Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004
anrothman@venable.com

s/ *Stewart M. Weltman*
Stewart M. Weltman

## CERTIFICATE OF COMPLIANCE WITH FED. R. CIV. P. 32(A)(7)

The undersigned, counsel of record for the Plaintiff-Appellee, Vince Mullins, furnishes the following in compliance with F.R.A.P Rule 32(a)(7):

I hereby certify that this brief conforms to the rules contained in F.R.A.P Rule 32(a)(7) for a brief produced with a proportionally spaced font. The length of this brief is 3,384 words.

Dated May 4, 2015

>                 /s/ *Stewart M. Weltman*
>                 Stewart M. Weltman
>                 BOODELL & DOMANSKIS, LLC
>                 353 N. Clark Street, Suite 1800
>                 Chicago, Illinois 60654
>                 Telephone: 312-938-1670

Case: 15-1776　　　Document: 16　　　Filed: 05/04/2015　　　Pages: 16